UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FREDERICK HOPTOWIT, JR., | ) |
| | ) No. CV-09-3062-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on November 5, 2010 (Ct. Rec. 15, 21). Attorney Thomas Bothwell represents plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 6). On July 7, 2010, plaintiff filed a reply (Ct. Rec. 23). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (Ct. Rec. 21) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 15).

**JURISDICTION**

Plaintiff filed concurrent applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on June 2, 2006, alleging onset as of July 30, 2005 (Tr.

108-110, 111-115, 123). The applications were denied initially and on reconsideration (Tr. 75-77, 81-87, 88-91).

Administrative Law Judge (ALJ) R.J. Payne held a hearing January 12, 2009. Plaintiff, represented by counsel, and medical expert Arthur Lorber, M.D., testified (Tr. 39-68). On February 11, 2009, the ALJ issued an unfavorable decision (Tr. 12-21). The Appeals Council received additional evidence and denied review on April 29, 2009 (Tr. 1-4). ALJ Payne's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 29, 2009 (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of the parties and are briefly summarized here when necessary.

Plaintiff was 58 years old at the hearing (Tr. 56). He testified he broke his pelvis and back in the 1960's (Tr. 62-63). He has a high school education and completed three years of college (Tr. 56-57, 65). Plaintiff worked as a chemical dependency counselor for 15 years, until July 2005 (Tr. 57, 128). Mr. Hoptowit testified his job ended when he was given the option of being fired or resigning after missing too much work due to "[l]ower back pain mostly because I couldn't walk, couldn't hardly sit up." Plaintiff estimated he missed about three months of work in a year due to these problems (Tr. 57-59). At the hearing the ALJ told plaintiff a file note indicates Mr. Hoptowit told a doctor he was fired for attendance reasons and thought about suing

his employer, but ultimately chose not to sue. Plaintiff answered yes (Tr. 65).

Mr. Hoptowit lives with his spouse and their nine year old grandson, of whom they have custody (Tr. 65). He alleges disability onset beginning July 30, 2005, due to back problems, a broken pelvis, carpal tunnel syndrome (CTS), high blood pressure, an artificial right eye, and anxiety attacks (Tr. 108, 111, 127). Plaintiff has to lie down an average of four hours a day due to back pain and drowsiness caused by prescribed medication, a limitation he has suffered since onset in 2005. He last asked his doctor to change his medication due to drowsiness in December 2008, a month before the hearing. He is able to drive (Tr. 61-66). In undated reports plaintiff indicates he suffers no medication side effects other than erectile dysfunction (Tr. 131,161), can sit 45-60 minutes, stand 10 minutes, and walk a half block (Tr. 127).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                           - 3 -

national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
is engaged in substantial gainful activities. If so, benefits are
denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,
the decision maker proceeds to step two, which determines whether
plaintiff has a medically severe impairment or combination of
impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled. If
the impairment is not one conclusively presumed to be disabling,
the evaluation proceeds to the fourth step, which determines
whether the impairment prevents plaintiff from performing work
which was performed in the past. If a plaintiff is able to perform
previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§
404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's
residual functional capacity (RFC) assessment is considered. If

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 4 -

plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). ///

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff was insured for DIB purposes through December 1, 2009 (Tr. 12, 14). At step one he found plaintiff has not engaged in substantial gainful activity since onset (Tr. 14). At steps two and three, ALJ Payne found plaintiff suffers from the medically determinable impairments of peripheral neuropathy, low back pain, and right eye blindness, impairments which are severe but do not meet or medically equal a Listed impairment (Tr. 14-16). The ALJ found plaintiff less than fully credible (Tr. 17). After determining plaintiff's RFC, at step four the ALJ found plaintiff is able to perform his past job as a chemical dependency counselor (Tr. 20). Because the step four finding is determinative, the ALJ found Mr. Hoptowit not disabled as defined by the Social Security Act (Tr. 21).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law when he failed to properly credit the opinions of his spouse and treating doctor Effler, and when he determined credibility (Ct. Rec. 16 at 9). Asserting the ALJ's assessment of the evidence is supported by the record and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 22 at 1-2).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 7 -

on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 8 -

testimony from the claimant that was inconsistent with the treating physician's opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989).

**B. Treating doctor's opinion**

Relying in part on *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988), plaintiff asserts the ALJ erroneously rejected the contradicted opinion of Dean Effler, M.D., who treated him for more than ten years (Ct. Rec. 16 st 9-14). On December 19, 2008, more than 3 years after onset, Dr. Effler opined (1) plaintiff is permanently disabled; (2) any job requiring him to sit, stand or walk for long periods is not feasible; and (3) there are times Mr. Hoptowit is disabled for most activities of daily living for a week or more at a time (Tr. 319).

The Commissioner responds the ALJ gave several specific, legitimate reasons for rejecting Dr. Effler's contradicted opinion, and *Embrey* is distinguishable. First, the ALJ relied on the opinion of one-time treating doctor Donn Kruse, M.D., whose opinion should be given at least the same weight as that of an examining doctor. Second, the ALJ properly relied on the testimony of the medical expert, orthopedic surgeon Dr. Lorber. Third, the ALJ properly relied on the lack of objective medical support for plaintiff's complaints of CTS and a broken back and pelvis (Ct. Rec. 22 at 5-6; Tr. 93).

The Commissioner further observes the ALJ properly rejected Dr. Effler's opinion because it is vague, supported by sparse treatment notes, and contradicted by plaintiff's statements and activities (Ct. Rec. 22 at 7-10).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                      - 9 -

Plaintiff is correct the ALJ may not reject a treating doctor's contradicted opinion based solely on the testimony of a nonexamining medical advisor. The ALJ must have other supporting evidence, such as laboratory test results, contrary reports from examining physicians, or testimony from claimant inconsistent with the treating physician's opinion. *Andrews v. Shalala*, 53 F.3d at 1041-1042; *Magallanes v. Bowen*, 881 F.2d at 751-753. Plaintiff is also correct an ALJ may not reject a claimant's subjective complaints of pain based solely on a lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ relied on more than these two factors.

Dr. Lorber testified plaintiff was diagnosed with peripheral neuropathy sensory, etiology unknown (Tr. 41). With respect to CTS, EMG studies have been unremarkable. Coronary artery disease was assessed as minor in March 2005, four months before onset [and after onset in September 2005, Tr. 245]. Despite complaints of pelvic and spine fractures, an MRI in June 2005 mentions no deformities compatible with old fractures. There are no results of eye exams[1]. A cane has not been prescribed. Plaintiff has been diagnosed with alcohol and prescribed narcotic dependence, with active abuse apparently ending in 1989. Dr. Lorber expressed concern plaintiff sought an increased dose of methadone, a request denied by a treating doctor (Tr. 41-43, 45, 53; *see* Tr. 217). Dr. Lorber opined no Listings were met or equaled. He assessed an RFC for a range of medium work (Tr. 43-48).

Dr. Lorber disagreed with Dr. Effler's assessment plaintiff

---

[1]Prescribed glasses were dispensed on July 11, 2005, about 2 weeks before onset (Tr. 265).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 10 -

is unable to work:

> The practitioner [Effler is] not a specialist in musculo-skeletal diseases. . . He doesn't define long periods of time, and he states due to degenerative disc disease and due to degenerative joint disease [plaintiff can't walk or sit for long periods of time]. While I would take issue with Dr. Heffler, I don't believe that the severity of the disc disease is such that it prohibits this man from any type of work. I disagree with that.

(Tr. 56).

The ALJ relied on supporting evidence in addition to Dr. Lorber's testimony, including Dr. Kruse's opinion. Dr. Kruse treated plaintiff once, on November 19, 2008 (Tr. 60, 296). Dr. Kruse "understands" why plaintiff is on a pain contract with Dr. Effler. Mr. Hoptowit told Dr. Kruse that on his own he increased his methadone due to cooler weather. Plaintiff wants his methadone refill today and "his dosage upped." Dr. Kruse saw no reason "for the state to pay him [plaintiff] not to work." (Tr. 296). He observed plaintiff "continually mentions his CTS and 'broken pelvis,'" but neither are supported by the medical record. Dr. Kruse declined providing extra methadone (Tr. 296).

The ALJ properly relied on this contrary report from a one-time treating physician, equivalent to an examining physician, in addition to the ME's testimony, as a specific, legitimate reason supported by substantial evidence to discredit Dr. Effler's opinion. *Andrews*, 53 F.3d at 1041-1042.

The ALJ gave other specific, legitimate reasons for rejecting Dr. Effler's opinion. It is vague because "long" periods of time are not defined. Dr. Effler fails to indicate how long plaintiff is able to sit, stand or walk. The ALJ observes Dr. Effler's opinion is supported only by sparse treatment notes, despite the length of the treating relationship. His opinion plaintiff cannot

perform most activities of daily living for a week or more at a
time is contradicted by Mr. Hoptowit's statements and activities.
These too are specific, legitimate reasons supported by
substantial evidence. *See Batson v. Commissioner of Soc. Sec.
Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)("[A]n ALJ may
discredit treating physicians' opinions that are conclusory,
brief, and unsupported by the record as a whole, or by objective
medical findings . . .")(internal citations omitted); *Bunnell v.
Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc).

Plaintiff's reliance on *Embrey* is misplaced. The ALJ
rejected the opinion of a doctor who treated Mr. Embrey because it
was not supported by sufficient objective findings. The *Embrey*
court found this reason, without more, is not sufficiently
specific. *Embrey*, 849 F.2d at 421-422.

ALJ Payne's reasons meet the level of specificity required by
*Embrey* and its progeny for properly rejecting a treating doctor's
opinion. In addition to the lack of objective findings, the ALJ
relied on the opinions of Dr. Kruse and the ME, and rejected it
because it is vague, supported by sparse treatment notes, and
inconsistent with plaintiff's statements and activities.

The record supports the ALJ's determination. ALJ Payne points
out in August 2007 plaintiff told Dr. Effler he was sleeping well
and functional with his back problems. On exam no atrophy in
plaintiff's arms or legs bilaterally was noted (Tr. 17-18, Exhibit
11F; Tr. 312, 314). In November 2007 Dr. Effler indicates "SLR
(straight leg test) bilaterally, gait cautious but doesn't appear
to be in pain. Tender bilateral laterally epicondyles of humerus"
(Tr. 18, referring to Tr. 308). The ALJ observes there is no

evidence of any other range of motion, strength, or straight leg
raise testing during the relevant period (Tr. 18, Exhibit 11F). In
June 2008 plaintiff told Dr. Effler his back pain was well
controlled and he was able to stay active, directly contradicting
Dr. Effler's opinion (Tr. 18, 301).

The lack of objective findings is plain. Coronary artery
disease is described as mild or minor, with minimal stenosis (Tr.
208, 217, 228, 245). About 8 weeks post onset, Peter Gilmore,
M.D., states plaintiff's nerve conduction studies are within
normal limits. He opines if plaintiff has a sensory peripheral
neuropathy, it is fairly mild (Tr. 241). With respect to broken
bones, there is no detectable radiographic abnormality consistent
with past fractures (Tr. 296).

The ALJ is correct plaintiff's activities indicate an ability
to perform work like activities. About four months before onset,
Mr. Hoptowit changed a tire (Tr. 232). Not quite a year after
onset, plaintiff reported he lives with his wife, helps care for
her when she is sick, and cares for two children. He helps clean
the house for short periods of time, cooks occasionally, walks,
and drives when necessary. Once or twice a week he shops (for an
hour each time) and goes to church. (Tr. 19, 134-138).

Plaintiff testified he lives with his spouse and nine year
old grandson (Tr. 65). [It is unclear when the second child
stopped living with plaintiff and his spouse.] The ALJ's
interpretation of these activities may not be the only reasonable
one. But it is a reasonable interpretation and is supported by
substantial evidence; accordingly, it is not the Court's role to
second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001), citing *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

The ALJ erred by rejecting Dr. Effler's opinion because the doctor may have been motivated by a desire to assist his patient. An error is harmless when the correction of that error would not alter the result. *Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995). Here, the error is harmless in light of all the other reasons given by the ALJ for rejecting the opinion. *See Batson v. Commissioner of Social Security*, 359 F.3d 1190 (9th Cir. 2004).

Contrary to plaintiff's assertion, the ALJ was not required to contact Dr. Effler to clarify his vague opinion. Ambiguous evidence or the ALJ's own finding that the record is inadequate triggers the ALJ's duty to fully and fairly develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The evidence relating to plaintiff's impairments was neither ambiguous nor inadequate for determining disability. As discussed more fully below, the evidence fully supports the ALJ's determination.

The ALJ's reasons for rejecting Dr. Effler's contradicted disability opinion are specific, legitimate, and supported by substantial evidence. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001,1006 (9th Cir. 2006); *Webb v. Barnhart*, 433 F.3d 683,688 (9th Cir. 2005); *Andrews v. Shalala*, 53 F.3d at 1042-1043; and *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

## C. Credibility

Plaintiff alleges the ALJ's credibility assessment is flawed (Ct. Rec. 16 at 14-16). The Commissioner responds the ALJ's assessment is supported by clear and convincing reasons, and supported by substantial evidence (Ct. Rec. 22 at 11-15).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 14 -

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 17). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ observes plaintiff complains of disabling pain due to spinal and pelvic fractures allegedly suffered more than forty years ago, yet Mr. Hoptowit worked for many years after he allegedly sustained these injuries (Tr. 17), indicating they were not disabling. A 2005 MRI does not show any fractures. The ALJ concludes if plaintiff's allegations are true, any fractures are

extremely well-healed and, as Dr. Lorber indicated, "it is unlikely the claimant's alleged back pain is the result of any old fractures" (Tr. 17).

The ALJ accurately observes there is very little evidence in the record to support plaintiff's allegations of disabling back pain (Tr. 17)[2]. In February 2005 plaintiff's gait and strength in all extremities are normal (Tr. 17, referring to Exhibits 3F/2, 4F/15). A June 2005 MRI shows multilevel degenerative arthritis and degenerative disc disease of the lumbar spine, but the ALJ notes there was no disc herniation or evidence of significant spinal stenosis (Tr. 17, Exhibit 8F/3 at Tr. 249). Plaintiff uses a cane but it was not prescribed. A treatment note states plaintiff occasionally "needs cane for walking when back acts up" (Tr. 316). The ALJ observes there is no objective evidence in the treatment notes to support the alleged need of a cane, and it appears the note is based entirely on plaintiff's unreliable self-report (Tr. 17, Exhibit 11F/23 at Tr. 316).

As noted in August 2007 plaintiff told Dr. Effler he sleeps well and is functional with his back problems. On exam there is no atrophy (Tr. 17, 312). Relying on plaintiff's June 2008 statement to Dr. Effler, that his back pain is well controlled and he is able to stay active, the ALJ concludes medications appear to control plaintiff's pain symptoms (Tr. 18, Exhibit 11F/8 at Tr.

---

[2]

Interestingly, plaintiff sought medical care during the relevant period for a variety of issues but seldom for disabling back pain, e.g.: toe nail (12/9/05 at Tr. 263; 1/27/06 at Tr. 260; 4/10/06 at Tr. 258; 4/28/06 at Tr. 256; 6/14/06 at Tr. 252; 7/10/06 at Tr. 250); carpal tunnel symptoms (1/27/06 at Tr. 260; 6/14/06 at Tr. 253); coughing, wheezing (11/30/07 at Tr. 306); and urinary problems (10/10/07 at Tr. 309).

301). Plaintiff testified he drives, yet has never sought a disabled parking permit despite allegedly disabling pain when he walks (Tr. 65).

Plaintiff has complained of leg and arm numbness, but as noted the nerve conduction study in October 2005, 3 months after onset, was normal (Tr. 18). Mr. Hoptowit's descriptions of how his job ended have varied (Tr. 16-17). Plaintiff testified he was told to quit or be fired due to absenteeism caused by his medical condition. Earlier he told a doctor he planned to sue his last employer for wrongly firing him. On another occasion he said he was laid off in July 2005 (Tr. 57-59, 65, 127).

The ALJ's reasons for his credibility assessment are clear, convincing and supported by substantial evidence. 20 C.F.R. §§ 404.1530,426.930; *Morgan v. Comm. of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999)(an ALJ may consider medical reports of improvement and minimal treatment when evaluating a claimant's credibility); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for benefits); *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(inconsistencies either in claimant's testimony or between testimony and conduct diminish credibility).

The ALJ gave clear and convincing reasons for finding plaintiff's allegations regarding his limitations and ability to work were not entirely credible.

///

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 17 -

**D. Lay witness**

     Plaintiff contends the ALJ erred by rejecting lay witness testimony without giving a reason (Ct. Rec. 16 at 16). Plaintiff is correct the ALJ must take into account probative lay witness testimony, unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Dodrill v. Shalala*, 12 F.3d 915,919 (9th Cir. 1993). An ALJ may reject lay testimony which conflicts with medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

     ALJ Payne was not given the lay witness's statement. The Commissioner correctly points out this evidence was received by the Appeals Council more than a month after the ALJ's decision (Ct. Rec. 22 at 15).

     Plaintiff's spouse submitted a statement purportedly dated January 13, 2009, which appears to be prior to the ALJ's January 22, 2009 deadline[3] (Tr. 59-60). The ALJ issued his decision February 11, 2009. The record shows the statement was not received by the Appeals Council until March 19, 2009 (Tr. 22-34, 170-182), and there is no evidence the ALJ ever received it. The Court considers the new evidence to determine whether the ALJ's decision is supported by substantial evidence or if the new evidence requires remand for the ALJ's consideration. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-1452 (9th Cir. 1993); *Harman v. Apfel*, 203 F.3d

---

     [3]The ALJ left the record open for ten days for the lay witness to submit her statement and for plaintiff to submit an updated medication list. Counsel agreed to this procedure (Tr. 59-60, 66).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 18 -

1151, 1160 (9th Cir. 2000).

The lay witness's statement does not change the result. Ms. Hoptowit describes plaintiff's fingers as "dangling, useless digits" due to carpal tunnel syndrome (Tr. 23). She describes frequent urination due to an enlarged prostate (Tr. 27). Both descriptions are contradicted by the medical evidence. As noted, plaintiff's nerve conduction study was normal. He sought treatment once for urinary problems (Tr. 309) and has not been diagnosed with an enlarged prostate. Ms. Hoptowit indicates in the last five years plaintiff has often crawled on his hands and knees. She believes he has tuberculosis (Tr. 31). None of the evidence supports these assertions.

An ALJ may validly reject probative lay witness testimony if it conflicts with the medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The Court finds the lay witness evidence is contrary to the record. The ALJ's decision is supported by substantial evidence. The Court is confident the result is the same even if the additional evidence is considered.

The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The Court finds the ALJ's assessment of credibility and the medical evidence is free of legal error and supported by substantial evidence.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 19 -

court finds that the ALJ's decision is free of harmful legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's motion for summary judgment **(Ct. Rec. 21)** is **GRANTED.**

2. Plaintiff's motion for summary judgment **(Ct. Rec. 15)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for plaintiff and defendant, enter judgment in favor of defendant, and **CLOSE** this file.

DATED this 14th day of October, 2010.


                                      s/ James P. Hutton

                                JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE